UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 14-22791-CIV-MORENO

MARCELO GAVILAN and RAMON SANCHEZ,

    Plaintiffs,

vs.

BALANS, L.C., BALANS BRICKELL, LLC, BALANS DADELAND, LLC, XYZ ENTITIES 1-10, LILY ADENETE, and CRISTINA ADAMS,

    Defendants.
_____/

## ORDER GRANTING WITHOUT PREJUDICE DEFENDANTS BALANS, L.C. AND BALANS DADELAND, LLC'S MOTION TO DISMISS

Plaintiffs Marcelo Gavilan and Ramon Sanchez have filed a two-count action against the above-named Defendants under the Fail Labor Standards Act, 29 U.S.C. § 207, for failure to pay overtime compensation and for declaratory relief. Plaintiffs allege they were employed by Defendants as food preparation workers and servers. Defendants Balans, L.C. and Balans Dadeland, LLC have moved to dismiss Plaintiff's claims as against them, arguing that Plaintiffs' complaint is devoid of factual content and fails to meet the applicable pleading standards.

The Court has considered the motion to dismiss, Plaintiffs' response in opposition, Defendants' reply, and the pertinent portions of the record. For the reasons provided below, the Court grants Defendants Balans, L.C. and Balans Dadeland, LLC's Motion to Dismiss (D.E. No. 18), and Plaintiffs claims against these Defendants are dismissed without prejudice. Plaintiffs are granted leave to amend the complaint, consistent with this Order, by no later than **December 23, 2014**.

### Legal Standard

When ruling on a motion to dismiss, a court must view the complaint in the light most

favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal*, 129 S. Ct. at 1950.

## Analysis

With respect to Balans, L.C. and Balans Dadeland, LLC, specifically, Plaintiffs have asserted the following in their Complaint:

- At all times material, Balans, L.C. was a Florida limited liability company with a principal address of 1022 Lincoln Road, Miami Beach, Florida, 33139. Compl. at ¶ 4.
- At all times material, Balans Brickell, LLC, was a Florida limited liability company with a principal address of 901 South Miami Avenue, 108, Miami, Florida 33130. Compl. at ¶ 7.

Plaintiffs' remaining allegations generally address the "Defendants," with no specification as to which defendant acted in the manner described. *See, e.g.*, Compl. at ¶ 14 ("At all times material, Plaintiffs were 'employees' of *Defendants* within the meaning of the FLSA."); ¶ 23 ("At various times between July 2011 to the present date, Plaintiffs were/are employed with *Defendants* as food preparation workers and servers."); ¶ 32 ("*Defendants'* actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiffs at the statutory rate of one and a half times plaintiffs' regular rate of pay[.]") (emphasis added).

Defendants argue these allegations are insufficient under Fed. R. Civ. P. 12(b)(6), and therefore

Plaintiffs have failed to state a plausible claim for relief against each of the two defendants. Plaintiffs respond that, despite Defendants' apparent argument that Plaintiffs have failed to plead a joint enterprise, Plaintiffs have indeed sufficiently pleaded a joint enterprise under FLSA, and therefore the motion to dismiss should be denied.

The Court first notes that Plaintiffs have misconstrued the "joint enterprise" requirement. That all of the named Defendants may be part of a "joint enterprise" is of no moment here, as pleading a "joint enterprise" is a basis for establishing *coverage* under the FLSA rather than *employer liability*.[1] *See Cornell v. CF Center, LLC*, 410 Fed. Appx. 265, 267 (11th Cir. 2011) ("The finding of an enterprise is relevant only to the issue of coverage. Liability is based on the existence of an employer-employee relationship.") (quoting *Patel v. Wargo*, 803 F.2d 632 (11th Cir. 1986)).

With respect to employer liability, Plaintiffs have failed to allege the existence of an employer-employee relationship between Plaintiffs and Defendants Balans, L.C. and Balans Dadeland, LLC. Indeed, Plaintiffs' fail to allege a single fact demonstrating that Balans, L.C. and Balans Dadeland, LLC are or were in fact Plaintiffs' "employers", or that they otherwise violated the Fair Labor Standards Act. Plaintiffs do no allege, for example, that either Balans, L.C. or Balans Dadeland, LLC hired or fired them, supervised or controlled their work schedules or conditions of employment, or

---

[1] The Court will not comment on whether Plaintiffs have sufficiently demonstrated the existence of a "joint enterprise." The Court notes, however, that to proceed under a joint enterprise theory, a plaintiff must allege *facts* demonstrating that subject defendants (1) engaged in related activities; (2) under unified operation or common control; and (3) have a common business purpose. *E.g., Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1320-21 & n.41 (11th Cir. 2011); *see also Gonzalez v. Old Lisbon Restaurant & Bar. L.L.C.*, 820 F. Supp. 2d 1365, 1368 (S.D. Fla. 2011) ("[T]o proceed under this joint enterprise theory, a plaintiff must at least allege facts which demonstrate" these three requirements). Merely reciting that "Balans is a restaurant . . . with five locations in Miami-Dade County" and that it acted through Defendants Adams and Alderete, without *any* facts as to how Balans, L.C. or Balans Dadeland, LLC, specifically, played a role in that enterprise, is unlikely to meet these requirements.

determined their rates and methods of payment.

Plaintiffs' allegations that they are or were employees of "Defendants" are, without factual support, insufficient. *See Iqbal*, 129 S. Ct. at 1949 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."); *Schainberg v. Urological Consultants of South Florida, P.A.*, 2012 WL 3062292 (S.D. Fla. July 26, 2012) (granting motion to dismiss FLSA claim, noting allegations were "conclusory" where plaintiff "merely repeated the statutory language verbatim, adding nothing else in the way of factual matter"); *Rushton v. Eye Consultants of Bonita Springs*, 2011 WL 2601245 (M.D. Fla. June 30, 2011) (same). Where the complaint is lacking in allegations regarding either the employer status of Balans, L.C. and Balans Dadeland, LLC, the claims against these defendants are dismissed without prejudice. Accordingly, it is

**ADJUDGED** that Defendants Balans, L.C. and Balans Dadeland, LLC's Motion to Dismiss (D.E. No. 18) is GRANTED. Plaintiffs' claims against Balans, L.C. and Balans Dadeland, LLC are dismissed without prejudice, and Plaintiffs are granted leave to amend the complaint, consistent with this Order, by no later than **December 23, 2014**.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of December, 2014.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record